IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-527

Filed 18 February 2026

Caldwell County, No. 21CRS000375-130

STATE OF NORTH CAROLINA

v.

DUSTIN NEAL COOKE, Defendant.

Appeal by defendant from judgment entered 11 December 2024 by Judge George Cooper Bell in Caldwell County Superior Court. Heard in the Court of Appeals 19 November 2025.

*Attorney General Jeff Jackson, by Special Deputy Attorney General Kimberley A. D'Arruda, for the State-appellee.*

*Nelson Mullins Riley & Scarborough LLP, by Jeffrey A. Wald, for defendant-appellant.*

GORE, Judge.

Defendant Dustin Neal Cooke appeals from judgment entered upon jury verdicts finding him guilty of felony larceny, felony possession of stolen goods, and felony conspiracy to commit felony larceny. This Court has jurisdiction pursuant to N.C.G.S. §§ 7A-27(b) and 15A-1444(a), which provide for appellate review of final criminal judgments of the superior courts.

The case presents two interlocking questions: (1) whether a prior judicial incompetency order remains operative absent an express judicial finding restoring

competency, and (2) whether the trial court's failure to hold a new competency hearing or issue findings violated due process and N.C.G.S. § 15A-1002. Because the record contains an unvacated order adjudicating defendant incompetent to proceed and no subsequent judicial determination of restored competency, we conclude that the trial court erred by proceeding to trial and entering judgment without first determining that defendant's competency had been restored. Accordingly, the proper remedy is to vacate defendant's convictions and remand for a new trial upon a judicial determination that defendant is competent to proceed.

**I.**

On 13 March 2023, defense counsel moved for a forensic evaluation of defendant, stating that defendant was not taking prescribed medication, exhibited disorganized thoughts, appeared confused, and "at times does not seem to understand the gravity of [the] situation." The trial court granted the motion and appointed a certified forensic evaluator.

After two subsequent orders were entered in April and May 2023 when the evaluation could not be completed because defendant could not be located, forensic evaluator Michelle Stroebel of Breathe Wellness Counseling PLLC conducted an evaluation on 23 May 2023. Ms. Stroebel opined that defendant was not competent to proceed, noting disorganized and delusional thought processes, impaired communication, poor understanding of his legal situation, and psychotic symptoms including delusions, confused speech, and social withdrawal.

Relying on that evaluation, the Honorable Steven Warren entered an order on 12 June 2023 finding defendant incompetent to proceed and directing that an updated evaluation be completed in September 2023.

A second evaluation was performed at Central Regional Hospital by Dr. Amy Leeper, who issued a report dated 11 March 2024. Dr. Leeper concluded that defendant was competent to proceed, though she acknowledged his prior psychotic symptoms and cautioned that substance use could negatively influence his ability to assist in his defense. The trial court, however, never issued an order adopting Dr. Leeper's report or finding defendant competent, nor did it make any oral finding of restored competency.

At an administrative hearing on 1 July 2024, the prosecutor asked whether "the last eval found that [defendant] was capable to proceed" and whether the court "need[ed] to go through anything in Chapter 15A." Defense counsel responded, "I don't think so." The court made no further inquiry or finding on competency.

Defendant's case was tried before the Honorable George C. Bell at the 10 December 2024 Criminal Session of Caldwell County Superior Court. The State presented evidence that catalytic converters had been removed from several vehicles at a local dealership and that police apprehended defendant in a nearby storage unit containing tools and extension cords matching those seen on surveillance video. The jury returned verdicts of guilty on all three charges.

At sentencing, the trial court arrested judgment on the possession-of-stolen-

goods and conspiracy charges and imposed a mitigated sentence of five to fifteen months, suspended for thirty-six months of supervised probation. The court found in mitigation that defendant's "limited mental capacity at the time of the commission of the offense significantly reduced [his] culpability." Defendant filed timely notice of appeal on 17 December 2024.

## II.

Defendant contends that the trial court erred by proceeding to trial without first holding a new competency hearing or entering findings restoring competency, as required by N.C.G.S. § 15A-1002 and the Due Process Clause of the Fourteenth Amendment. He argues that because the June 2023 order adjudicating him incompetent to proceed was never vacated or superseded by a subsequent judicial determination of competency, he remained legally incompetent at the time of trial. The State responds that any error was waived or forfeited because defendant did not request a hearing or object before trial, and that the March 2024 forensic report finding defendant competent effectively restored his capacity to proceed. The State further maintains that the trial court's reliance on that report, even without a written order, satisfied its statutory obligations and rendered any procedural omission harmless.

Because defendant's claims concern the trial court's alleged noncompliance with statutory requirements and alleged violations of constitutional due process, our review is de novo. *State v. Flow*, 384 N.C. 528, 546 (2023). Under this standard, we

consider the matter anew and freely substitute our judgment for that of the trial court. *State v. Wilkins*, 386 N.C. 923, 928 (2024).

## III.

A defendant may not be "tried, convicted, sentenced, or punished for a crime" if, "by reason of mental illness or defect he is unable to understand the nature and object of the proceedings[,] . . . comprehend his own situation" in relation to those proceedings, or "assist in his defense in a rational or reasonable manner." N.C.G.S. § 15A-1001(a) (2023). This statutory protection embodies a constitutional guarantee that is "fundamental to an adversary system of justice." *Drope v. Missouri*, 420 U.S. 162, 172 (1975). A defendant who cannot rationally understand the proceedings or consult with counsel is, "though physically present in the courtroom, . . . in reality afforded no opportunity to defend himself." *Id.* Accordingly, "[f]ailure of the trial court to protect a defendant's right not to be tried or convicted while mentally incompetent deprives him of his due process right to a fair trial." *State v. McRae*, 139 N.C. App. 387, 389 (2000) (citing *Pate v. Robinson*, 383 U.S. 375, 385 (1966)).

Section 15A-1002 requires the trial court to conduct a hearing whenever a defendant's capacity to proceed is in question and to enter findings supporting its determination. N.C.G.S. § 15A-1002(b1) (2023). Although the statute does not explicitly state that an incompetency adjudication remains effective until vacated, our appellate decisions compel that conclusion. In *McRae*, the defendant had been found incompetent in several prior hearings and later deemed competent for a limited

period before a mistrial. When the trial court retried him without a new competency hearing, this Court held that the omission violated due process and remanded for a retrospective determination of competency. 139 N.C. App. at 389–91. That holding presumes that a prior judicial finding of incompetence continues in effect until the court enters a subsequent finding of restored competency.

The State argues that defendant waived any further inquiry by failing to request a new hearing or object before trial. But North Carolina law distinguishes between the statutory right to a competency hearing—which may be waived—and the constitutional right not to be tried while incompetent—which may not. *State v. Wilkins*, 386 N.C. 923, 930–31 (2024). A defendant forfeits the statutory claim under § 15A-1002 by failing to raise it "in apt time," *id.*, but the constitutional protection arises directly from due process and cannot be lost through silence or consent, *Pate*, 383 U.S. at 384; *State v. Sides*, 376 N.C. 449, 457–58 (2020) (holding that even if the defendant failed to preserve her statutory right, she retained a constitutional due process right to a hearing). Consistent with these principles, *McRae* held that "defendant's failure to request a hearing or object . . . does not bar him from seeking relief on appeal." 139 N.C. App. at 391. That rule reflects the trial court's independent constitutional duty to act *sua sponte* whenever "substantial evidence . . . indicat[es] that the accused may be mentally incompetent." *State v. Young*, 291 N.C. 562, 568 (1977). When a defendant remains under an unvacated order of incompetence, such evidence exists as a matter of law, and the court's duty to conduct

a competency hearing is automatically triggered.

Accordingly, although defendant may have forfeited any statutory claim, he did not waive appellate review of his constitutional challenge. We recognize that defendant did not object below and that postconviction competency claims can appear to invite a "second bite at the apple." But where, as here, a prior adjudication of incompetence remains unvacated and no subsequent judicial finding of competency was entered, the trial itself proceeded without the prerequisite assurance of due process. The question is therefore not whether defendant should receive another opportunity to litigate an issue he abandoned, but whether he was ever afforded a constitutionally valid trial in the first instance. By proceeding to trial without conducting a new competency hearing or entering findings restoring competency, the trial court failed to discharge its constitutional obligation to ensure defendant's capacity to stand trial.

Having determined that the trial court erred by proceeding to trial without entering a judicial determination that defendant's competency had been restored, we next consider the appropriate remedy.

When a trial court fails to ensure a defendant's competency to proceed, a new trial is not automatically required if a meaningful retrospective determination of competency remains possible. *McRae*, 139 N.C. App. at 391–92. Such a determination, however, is permissible only where the trial court can reliably assess the defendant's competency at the time of trial based on contemporaneous evidence

and prior judicial findings. *Id.*

This case does not permit such a retrospective determination. The trial court's last operative order, entered on 12 June 2023, adjudicated defendant incompetent to proceed. Although a subsequent forensic evaluation dated 11 March 2024 opined that defendant was competent, the trial court never adopted that evaluation or entered findings restoring competency. Defendant's trial did not commence until 10 December 2024, approximately nine months later.

Under these circumstances, any retrospective determination would necessarily rely on stale evidence or contradict the trial court's last judicial finding. Given the absence of a contemporaneous competency determination and the substantial passage of time, the record does not permit a meaningful or reliable assessment of defendant's competency at the time of trial.

Accordingly, defendant's convictions must be vacated, and this matter remanded for a new trial upon a judicial determination that defendant is competent to proceed.

## IV.

The trial court previously adjudicated defendant incompetent to proceed and thereafter conducted his trial without holding a new competency hearing or entering findings restoring competency. Because the court's duty to ensure a defendant's capacity arises from the constitutional guarantee of due process, that obligation could not be waived by silence or consent. The failure to conduct a new competency hearing

or enter findings of restored capacity therefore violated defendant's constitutional right not to be tried while incompetent. Because the record does not permit a meaningful retrospective determination of defendant's competency at the time of trial, defendant's convictions are vacated, and this matter is remanded for a new trial upon a judicial determination that defendant is competent to proceed.

VACATED AND REMANDED FOR NEW TRIAL.

Judges CARPENTER and WOOD concur.